UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CEDAR CITY AMUSEMENTS, LLC d/b/a CUMBERLAND VALLEY SHOWS, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | Case No. 1:10-cv-0392-TWP-TAB |
| vs. | ) ) | |
| BARTHOLOMEW COUNTY 4-H FAIR, INC. | ) ) ) ) | |
| Defendant/Counter Plaintiff. | | |

## ENTRY ON 12(b)(3) MOTION TO DISMISS

This matter is currently before the Court on Defendant's Motion to Dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). For the reasons set forth below, the Motion to Dismiss [Dkt. 18] is **DENIED**.

### I. BACKGROUND

On June 13, 2007, Plaintiff Cedar City Amusements d/b/a Cumberland Valley Shows ("Show") and Defendant Bartholomew County 4-H Fair, Inc. ("Fair") entered into a contract (the "Contract"). On April 2, 2010, Show sued Fair requesting specific performance and, in the alternative, alleging breach of the Contract and promissory estoppel. The Court has jurisdiction of the case based upon diversity of citizenship. Paragraph 11 of the Contract, a forum-selection clause, lies at the heart of the present dispute. Paragraph 11 is titled "Default" and is stated verbatim below:

> **Default.** In the event Show fails to provide the contracted services set forth herein Show shall be liable for any loss of income suffered by Fair. Should Fair be required to institute legal action to enforce the terms of the contract Show shall be entitled to attorneys fees, and reimbursement of all litigation costs. Venue shall lie in Bartholomew County, Indiana and the laws of Indiana shall apply.

Based on the last sentence of this paragraph, Fair has moved to dismiss for improper venue.

## II. DISCUSSION

When a defendant moves to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. *Educational Visions, Inc. v. Time Trend, Inc.*, 2003 WL 1921811, at *3 (S.D. Ind. April 17, 2003). Moreover, "[f]orum selection clauses in commercial contracts between sophisticated businesses are ordinarily honored in accordance with their terms." *Id.* at *4 (citation omitted). When a court is sitting in diversity, federal law governs whether to give effect to a forum-selection clause. *Id.* (citation omitted). Therefore, a forum-selection clause will be enforced "absent a showing that it was procured by fraud or overreaching or that enforcement of the clause would be a grave inconvenience." *Id.* (citation omitted).

Here, however, the real dispute is not about whether the forum-selection clause is enforceable. Rather, this matter turns on the scope of the forum-selection clause. That is, given that Show – not Fair – initiated this action, does the forum-selection clause even apply?

Interpretation of a contract is a question of law. *Bechtold v. Physicians Health Plan of Northern Ind., Inc.*, 19 F.3d 322, 325 (7th Cir. 1994) (citation omitted). Moreover, differing, self-interested interpretations of a provision do not create ambiguity. Rather, a term is ambiguous only if it is subject to *reasonable* alternative interpretations. *Id.* (citation omitted).

The Contract's language provides a straightforward answer to the question at hand. The

plain and unambiguous language of the paragraph titled "Default" establishes that the forum-selection clause only applies to legal actions <u>instituted by Fair against Show for default</u> – not the other way around. An alternative interpretation would require the Court to read the third sentence of the paragraph – *Venue shall lie in Bartholomew County, Indiana and the laws of Indiana shall apply* – in a vacuum. The Court cannot turn a blind eye to the immediately preceding sentences of the "Default" paragraph, which clearly place the third sentence in context. At bottom, because the present action was initiated by Show, the forum-clause simply does not apply.

Fair's argument is premised almost entirely on the fact that the parties entered into the Contract freely. This argument relates to the general enforceability of the clause, not its scope, and therefore misses the mark. Further, it is worth noting that because the Contract was the product of fair and free negotiation, Fair could have included a provision establishing that the forum-selection clause applies if *either party* initiates the action. Tellingly, Fair did not do so. The plain and unambiguous language of the forum-selection clause establishes that it does not apply under the present circumstances. Thus, Fair's Motion to Dismiss is **DENIED**.

SO ORDERED:   11/28/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

3

Copies to:

**Carl W. Butler**
FROST BROWN TODD LLC
cbutler@fbtlaw.com,jrudolph@fbtlaw.com

**George Terrence Coriden**
CORIDEN LAW OFFICE
tcoriden@coriden.com,mmcdonald@coriden.com,crice@coriden.com

**Timothy Patrick Coriden**
CORIDEN LAW OFFICES
timothyp@coriden.com,crice@coriden.com

**Joshua B. Fleming**
FROST BROWN TODD LLC
jfleming@fbtlaw.com,kgoletz@fbtlaw.com

**Bryce A. Wagner**
CORIDEN CORIDEN ANDREWS & GLOVER LLC
bwagner@coriden.com,mmcdonald@coriden.com